

NEW YORK
LOS ANGELES
TAMPA
DETROIT

Peter Safirstein
Direct Dial: (212) 946-9458
psafirstein@milberg.com

April 28, 2010

**BY ECF and Facsimile**

Honorable Kiyo A. Matsumoto
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Chambers: Room N406

    Re:    *LaFlamme v. Deutsche Lufthansa AG, et. al*
              Case No. 08-cv-01079-KAM-JO

Dear Judge Matsumoto:

    We represent Plaintiffs in the above captioned-matter. Pursuant to Your Honor's Individual Motion Practice Rules IV.B., Plaintiffs respectfully submit this letter requesting a pre-motion conference in advance of moving for reconsideration of the Court's decision to deny Plaintiffs leave to amend Plaintiffs' Second Amended Class Action Complaint. It is the usual and customary practice upon granting a motion to dismiss that the Court allow leave to replead. *See, e.g., Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

    **Relevant Procedural History.** Plaintiffs filed an initial Class Action Complaint on March 14, 2008 (Dkt. No. 1), and a First Amended Class Action Complaint on October 10, 2008 (Dkt. No. 6). A Second Amended Class Action Complaint was filed on October 31, 2008 ("the Operative Complaint") (Dkt. No. 17).[1] United Airlines, Inc. and all other Defendants separately filed motions to dismiss the Operative Complaint. The fully-briefed motion was submitted to the Court on March 27, 2009 (Dkt. Nos. 52-67). Supplemental authority was submitted in May 2009, October 2009 and February 2010 (Dkt. Nos. 69, 71-74). On March 31, 2010, Your Honor issued an Order, without Opinion, granting the Motion to Dismiss in its entirety and dismissing the action without leave to replead. Your Honor's Memorandum & Order ("Opinion") was issued on April 5, 2010 (Dkt. No. 79).

---

[1] The Operative Complaint made minor technical corrections to the status of Defendants Société Air France and Koninklijke Luchtvaart Maatschappij N.V.

Honorable Kiyo A. Matsumoto
April 28, 2010
Page 2

**Basis for Reconsideration.** Plaintiffs move for reconsideration under Federal Rules of Civil Procedure ("F.R.C.P.") Rule 59(e) and Local Civil Rule 6.3. "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re New York Cmty. Bancorp, Inc., Sec. Litig.*, 244 F.R.D. 156, 159-60 (E.D.N.Y. 2007). "A motion for reconsideration … will be granted if the moving party presents factual matters or controlling decisions that a court overlooked that might have materially influenced its decision." *Guadagni v. New York City Transit Auth.*, 2009 U.S. Dist. LEXIS 22408, *3 (E.D.N.Y. March 19, 2009). Plaintiffs respectfully submit that the Court overlooked controlling authority and relevant facts in its determination to dismiss without leave to replead. Moreover, Plaintiffs would plead additional evidence supporting the allegations of a price-fixing conspiracy in an amended complaint.

For example, in its Opinion, the Court repeatedly stated that Plaintiffs make allegations contained in their motion papers that are not included in the Operative Complaint. *See, e.g.,* Dkt. No. 79 at 9 n.7, 10 n.9, 12 n.12, 23 n.18. The Court further stated in pertinent part that, "a claim for relief may not be amended by the briefs in opposition to a motion to dismiss" citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (Opinion at 21 n.18). Plaintiffs respectfully submit that the Court was incorrect on both accounts. First, the predicate for much of the analysis submitted in Plaintiffs' Opposition to the Motion to Dismiss ("Opposition") (Dkt. No. 64) was in fact derived from the allegations of the Operative Complaint. Moreover, to the extent that Plaintiffs relied on material supplemental to the allegations in the Operative Complaint in their Opposition, such reliance should not have been fatal to the Opposition, and certainly should not have foreclosed the possibility of repleading. In fact, the Court itself noted that, "a court deciding a motion to dismiss under Rule 12(b)(6) may consider all documents included in the complaint whether by attachment as an exhibit, through incorporation by reference, or because the documents are 'integral' to the pleading." Opinion at 5 n.5. Furthermore, as stated in the Opposition, and as acknowledged by Defendants, when considering the sufficiency of a complaint under Rule 12(b)(6), a court may consider documents referenced in the complaint or upon which plaintiff relied in bringing suit. *See* Opposition at 3 n.3. The Second Circuit has suggested that extrinsic evidence unessential to the "short and plain statement of the claim showing that [the plaintiffs were] entitled to relief," may still be appropriately considered "as tending to establish that the complaint's factual assertions are 'plausible' and therefore sufficient to survive a motion to dismiss." *See, e.g., Sahu v. Union Carbide Corp.*, 548 F.3d 59, 68 (2d Cir. 2008) (quoting F.R.C.P. 8(a)(2)).

Additional evidence at this time that warrants the motion for reconsideration includes, but is not limited to, IATA meeting minutes at which the Defendants discussed fuel surcharges. Additionally, outside of the context of IATA meetings, Plaintiffs will seek to include additional evidence regarding a May 24, 2004 email from Thai Airways to the Defendants which attached a letter Thai Airways intended to send to the Thai Department of Transport. The letter states in pertinent part that several participants at a May 2004 meeting (including Defendants) agreed that, unless otherwise instructed, they would apply fuel surcharges adapting the fuel price index methodology of calculating the surcharge US 15.00 for intercontinental flights. The fuel surcharge would be on a per sector basis. This key 2004 meeting and subsequent

MILBERG LLP

Honorable Kiyo A. Matsumoto
April 28, 2010
Page 2

correspondence exchanged between the Defendants outside the context of IATA meetings, lends additional authority and credence to allegations in the Operative Complaint concerning the implementation of fuel surcharges as additional direct evidence of the conspiracy.

     **Proposed Schedule.** Although Judge's Chamber Practices state that motions are not be filed until fully briefed (Rule IV (C)(1)(a)), Plaintiffs request the Court's permission to file the motion, with an accompanying proposed amended complaint, on May 5, 2010 which is the filing deadline proscribed by F.R.C.P. 59(e). As to the subsequent briefing schedule, Plaintiffs propose that the Court set a schedule for the motion for reconsideration in accordance with the standard schedule provided for by Local Civil Rule 6.1.(b). Plaintiffs therefore propose that the Court set the following schedule: Plaintiffs' motion for reconsideration due by May 5, 2010; Defendants' opposition due by May 24, 2010; and Plaintiffs' reply due by June 2, 2010.

                    Respectfully submitted,

                    /S/ Peter Safirstein
                    Peter Safirstein
                    *Counsel for Plaintiffs*

PS/esm
cc:    Counsel for all parties (by ECF)

MILBERG LLP